**Darrell O'NEAL, Plaintiff–Appellant,**

v.

**Roberta O'NEAL; City of Dayton; Ronald Lowe, Chief of Police; S.B. King; C.W. Conrad; Joyce Greer, Detective; John Scaccia, Chief Prosecutor; Ste-**

phanie L. Marsh, Asst. City Prosecutor; Collette Moorman, Asst. City Prosecutor; Artemis, Defendants–Appellees.

No. 01–3174.

United States Court of Appeals,
Sixth Circuit.

Oct. 30, 2001.

Before BOGGS, GILMAN, and BRIGHT,* Circuit Judges.

## ORDER

Darrell O'Neal, a pro se Ohio resident, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983, various sections of the United States Constitution, and state tort law. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, O'Neal sued his former wife, the City of Dayton, Ohio, multiple city police officers, prosecutors, and the organization known as Artemis, contending that he had been subjected to false arrest and malicious prosecution. The district court subsequently granted summary judgment for the defendants.

* The Honorable Myron H. Bright, United States Circuit Judge for the Eighth Circuit, sitting by designation.

In his timely appeal, O'Neal asserts that there were sufficient issues of fact which would prevent the grant of summary judgment as to some of the defendants, that he was arrested in violation of the Fourth Amendment, that the prosecutors engaged in malicious prosecution, and that he alleged sufficient facts to satisfy the elements of malicious prosecution.

The district court's judgment is reviewed de novo. *See Summar ex rel. Summar v. Bennett,* 157 F.3d 1054, 1057 (6th Cir.1998).

O'Neal alleged the state tort claims of malicious prosecution and false arrest against defendants Conrad, King, and Greer. O'Neal was arrested on September 11, 1997, and the prosecution was terminated in January 1998. O'Neal filed his complaint on June 14, 1999. As such, these allegations are barred by Ohio's one-year statute of limitations. Ohio Rev.Code § 2305.11(A)(1).

O'Neal sued the City of Dayton, Ohio, alleging that the city failed to properly supervise, train, and discipline its officers. The Supreme Court has determined that a municipality cannot be held liable under § 1983 solely because it employs a tortfeasor. *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). In *Monell,* the Supreme Court held that municipalities may be sued when the action that is alleged to be unconstitutional implements a policy statement, regulation, or decision which has been officially adopted and promulgated by the body's officers. *Id.* at 690, 98 S.Ct. 2018. A municipality will not be held liable under § 1983 for random, unauthorized acts of its employees. *Id.* at 691, 98 S.Ct. 2018. O'Neal does not provide any evidence that his arrest by Officer Higgins was made pursuant to a government policy. Therefore, the City of Dayton was entitled to summary judgment.

The facts establish that Officer Higgins, who is not a defendant, arrested O'Neal pursuant to a warrant for violating a protective order. As Officer Higgins was the officer who made the arrest, O'Neal did not establish that the other named police officers deprived him of a federal right. *Kentucky v. Graham,* 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). Thus, the district court did not err in dismissing O'Neal's complaint against the numerous defendant police officers.

O'Neal sued numerous prosecutors for their involvement in his arrest and subsequent attempt to prosecute him. Prosecutors are entitled to absolute immunity for conduct intimately associated with the judicial phase of the criminal process. *Imbler v. Pachtman,* 424 U.S. 409, 430, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). This immunity extends to a prosecutor's decision to file a criminal complaint and to seek an arrest warrant. *See Ireland v. Tunis,* 113 F.3d 1435, 1446 (6th Cir.1997). Absolute prosecutorial immunity is not defeated by a showing that a prosecutor acted wrongfully or even maliciously. The decision to prosecute, even if malicious and founded in bad faith, is unquestionably advocacy and is at the heart of the *Imbler* holding. *See Grant v. Hollenbach,* 870 F.2d 1135, 1138 (6th Cir.1989). Therefore, the prosecutors were entitled to absolute immunity.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.